UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
THE AUTOMOBILE INSURANCE COMPANY OF
HARTFORD, CONNECTICUT,                                    Civil Case No. _____

                                                 Plaintiff,                **COMPLAINT**

             -against-

ABRAHAM KOHN and YEHUDA LEONOROVITZ,

                                 Defendants.
---------------------------------------------------------------------X

      Plaintiff, The Automobile Insurance Company of Hartford, Connecticut ("Travelers"), by its attorneys, Rivkin Radler, LLP, as and for its Complaint herein, alleges upon information and belief as follows:

      1.      In this action, Travelers seeks a declaration that it has no duty to defend or to indemnify Defendant, Abraham Kohn (the "Insured"), in an underlying action filed by Defendant, Yehuda Leonorovitz (the "Claimant"), against the Insured ("Underlying Action"), and there is no coverage for the Underlying Action under a homeowners policy that Travelers issued to the Insured and his wife ("Policy") because Travelers was not provided with timely notice as required as a condition precedent to coverage under the Policy.

## PARTIES

      2.      At all times relevant hereto, Travelers was and is a Connecticut corporation, with a principal place of business located in Hartford, Connecticut.

      3.      At all times relevant hereto, Travelers was and is licensed to do business in the State of New York, and was conducting business in the State of New York.

4. At all times relevant hereto, Defendant, Abraham Kohn (the "Insured"), resided at 40 Middleton Street, Unit 1B, in Brooklyn, New York ("Premises"), located in Kings County, New York.

5. At all times relevant hereto, Defendant, Yehuda Leonorovitz (the "Claimant"), resided at 639 Myrtle Avenue, in Brooklyn, New York, located in Kings County, New York.

## JURISDICTION AND VENUE

6. This Court has original, subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. There is complete diversity of citizenship between Plaintiff, Travelers, and Defendants to this action, and the amount in controversy exceed $75,000, exclusive of interest and costs.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## BACKGROUND FACTS

9. The Claimant was allegedly injured on September 16, 2006 when he allegedly fell from a porch at the Premises ("Accident").

10. At the time of the Accident, the Claimant was allegedly a minor.

11. At the time of the Accident, the Insured owned the Premises.

12. The Insured was aware of the Accident on or about the day that it allegedly occurred.

13. On September 25, 2015, the Claimant filed the Underlying Action against the Insured seeking damages for the injuries the Claimant allegedly sustained as a result of the Accident. The Claimant alleges in the Underlying Action that he suffered a "fractured skull, intracranial bleeding and other injuries" as an alleged result of the Accident.

## POLICY

14. Travelers issued Homeowners Policy number 978331387 636 1 to the Insured and his wife for the policy period August 2, 2006 to August 2, 2007 with limits of liability of $500,000 each occurrence ("Policy").

15. The Policy identifies the "Location of Residence Premises" as the Premises.

16. Subject to its terms, conditions and exclusions, the Policy generally provides liability coverage for damages because of bodily injury or property damage during the policy period caused by an **occurrence**, defined as an accident.

17. As a condition precedent to coverage, the Policy provides as follows:

### SECTION II – CONDITIONS

\*\*\*

3. **Duties After Loss.** In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply. You will help us in seeing that these duties are performed:

   a. give written notice to us or our agent as soon as is practical, which sets forth:

      (1) the identity of the policy and **insured**;
      (2) reasonably available information on the time, place and circumstances of the accident or **occurrence**; and
      (3) names and addresses of any claimants and witnesses;

   b. forward to us every notice, demand, summons or other process relating to the accident or **occurrence**;

\*\*\*

18. The Policy also contains other terms, provisions, exclusions, conditions and endorsements that define the scope of coverage under the Policy.

## NOTICE TO TRAVELERS AND TRAVELERS' DISCLAIMER

19. The Insured's first notice to Travelers of the September 16, 2006 Accident and Underlying Action was October 21, 2015, over nine years after the Accident allegedly occurred.

20. The Claimant never placed Travelers on notice of the Accident and/or Underlying Action.

21. By letter dated November 9, 2015, Travelers disclaimed coverage to the Insured based upon late notice. Additionally, in that same letter, Travelers disclaimed coverage to the Claimant based upon the Claimant's independent failure to provide Travelers with timely notice.

22. Travelers is defending the Insured in the Underlying Action subject to its late notice disclaimer pending resolution of this action.

## CLAIM FOR DECLARATORY RELIEF

23. Travelers repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" as if set forth more fully at length herein.

24. The Policy requires timely notice of any accident "as soon as is practical".

25. Travelers' first notice of the Accident was October 21, 2015, over nine years after the Accident allegedly occurred and the Insured was aware of the Accident.

26. Notice to Travelers was late as a matter of law.

27. In addition to the breach of the policy conditions, there is no coverage under the Policy to the extent other terms, provisions, exclusions, conditions or endorsements operate to preclude coverage for this Accident.

28. An actual controversy exists between and among Travelers, the Insured and the Claimant with respect to Travelers' obligation, if any, under the Policy in connection with the Accident and Underlying Action.

29. Travelers has no adequate remedy at law.

WHEREFORE, Travelers respectfully requests that the Court enter a judgment:

a) Declaring that notice to Travelers was late as a matter of law;

b) Declaring that there is no coverage under the Policy for the Accident and Underlying Action;

c) Declaring that Travelers has no duty to defend or to indemnify the Insured in the Underlying Action; and

d) Awarding such other and further relief as this Court may deem just and proper.

Dated: Uniondale, New York
February 12, 2016

                              RIVKIN RADLER LLP
                              Attorneys for Plaintiff
                              THE AUTOMOBILE INSURANCE COMPANY
                              OF HARTFORD, CONNECTICUT

By: _____/s/ Joanne Engeldrum_____
Alan C. Eagle, Esq.
Joanne M. Engeldrum, Esq.
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000

3310329 v1